UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LISA ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-336-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLAIRE OCULAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant Dr. Claire Oculam's ("Oculam") motion for summary judgment. [Record No. 18] Plaintiff Lisa Rose ("Rose") accuses Oculam of assault and battery. [Record No. 1, Ex. 1] Oculam argues that Rose's claims are at least partially time-barred and that he is entitled to summary judgment on the remaining assault and battery claims. [Record No. 18] In response, Rose argues that the motion should be denied, because there are genuine factual issues in dispute that are not time-barred by the statute of limitations. [Record No. 22, p. 1][1]

For the reasons discussed below, the Court will grant Oculam's motion for summary judgment regarding all causes of action that accrued prior to September 5, 2006. However, the

---

[1]      Pursuant to this Court's January 7, 2009 Order, the Plaintiff substituted a revised page 1 in lieu of the original page 1 in the response memo. [Record No. 27] All references to page 1 of the response memo [Record No. 22] refer to the revised page 1.

Court will deny Oculam's motion for summary judgment as to causes of action accrued on or after this date.

## I.        Procedural History

On September 5, 2007, Rose filed this Complaint against Defendants Oculam and the Laurel County Regional Hospital ("LCRH") in Pulaski Circuit Court alleging claims of sexual harassment, retaliation, and common law assault and battery. [Record No. 1, Ex. 1] On September 27, 2007, the Defendants removed the case to this court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. [*Id.*] Subsequently, all claims asserted against Defendant LCRH were dismissed. [Record No. 28] Thus, the only remaining counts allege common law battery and assault against Defendant Oculam. [Record No. 22, p. 1]

## II.       Relevant Facts

During the time period in which the alleged causes of action accrued,[2] Plaintiff Lisa Rose worked as a licensed practical nurse in the LCRH Telemetry Care Unit ("TCU"). At this time, Defendant Dr. Claire Oculam also worked at the LCRH as a hospitalist.[3] Rose alleges that, starting sometime around July or August of 2006 and continuing through at least October 16,

---

[2]      Oculam's motion for summary judgment goes into extensive detail regarding Rose's history leading up to this time period apparently to show that Rose suffers from a long history of mental illnesses, which Oculam claims led to Rose's false accusations. [Record No. 18, pp. 4–13] However, this information pertains to Rose's credibility which is a jury issue – not an issue to resolved via a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . ."); *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994) ("In ruling on a motion for summary judgment, the judge may not make credibility determinations or weigh the evidence.") (internal citation and quotations omitted).

[3]      A hospitalist is a physician who works at a hospital on a contract basis and cares for those patients who do not have a regularly assigned physician or whose physician does not have hospital privileges. [Record No. 18, p. 3]

2006, Oculam engaged in a pattern of verbal and physical conduct constituting assault and battery. Specifically, she alleges that: (1) Oculam repeatedly referred to a mole on her neck as her "bend over button" and pushed on that portion of her neck on numerous occasions; (2) Oculam told her that he would like to "choke her while watching her in the mirror" as he had sex with her from behind; (3) Oculam grabbed her breasts in the monitoring room; (4) Oculam touched her legs on several occasions; and (5) Oculam leaned his genital area into her back.[4] [Record No. 22, p. 2]

Oculam denies all of Rose's accusations and contends that there are is no evidence to corroborate any of her claims of assault or battery. [Record No. 18, pp. 26–30] In addition, he asserts that Rose is unable to give any specific dates on which any particular instance of assault or battery allegedly occurred. Thus, he argues that some of these alleged assaults and/or batteries may be time-barred by the one year statute of limitations applicable under Kentucky law. [*Id.*, pp. 25–26]

### III.    Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Barr v. Lafon*, 538 F.3d 554, 561 (6th Cir. 2008). In contrast, "summary judgment is inappropriate when the evidence raises a genuine issue of material fact." *Barr*, 538 F.3d at 561. A dispute

---

[4]    Additional allegations regarding sexually explicit things Oculam allegedly said to Rose are no longer relevant, because the sexual harassment claims have been dismissed. *See* [Record No. 22, p. 2]

over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the burden to show that no genuine issue of material fact exists. However, "that burden may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (*citing Celotex*, 477 U.S. at 325). In addition, although the moving party bears the burden of production, Rule 56 of the Federal Rules of Civil Procedure does not expressly or impliedly *require* the moving party to support its motion with affidavits or other materials negating the opponent's claim. *Celotex*, 477 U.S. at 323.

Once the moving party has met its burden of production, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings, and therefore must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324.

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Liberty Lobby*, 477 U.S. at 249). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.* However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538

-4-

F.3d 431, 439 (6th Cir. 2008).   Rather, there must be evidence on which the jury could reasonably find for the nonmoving party.   *Id.*

Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."   *Liberty Lobby*, 477 U.S. at 251–52; *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

### IV.   Analysis

#### A.   Statute of Limitations

When subject matter jurisdiction is based on diversity of citizenship, a federal court must apply the forum state's substantive law.   *See Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003).   For the purposes of this matter, statutes of limitations are considered substantive law.   *See Phelps v. McClellen*, 30 F.3d 658, 661 (6th Cir. 1994).

In Kentucky, claims for common law assault and battery must be brought within one year. *See* KRS 413.140; *Resthaven Memorial Cemetery v. Volk*, 150 S.W. 2d 908, 910 (Ky. App. 1941).   In her Complaint filed on September 5, 2007, Rose alleges that the actions from which her assault and battery claims arose began "sometime after January 2006."   In addition, when she complained to her supervisor in November 2006, she claimed that she had endured a sexually hostile work environment for "months."   [Record No. 1, Ex. 1, p.2]   However, the Complaint does not contain any specific dates on which any particular instance of assault or battery occurred.   Likewise, in her depositions, Rose claims that the assault and battery began in July

or August of 2006, but she does not specifically identify when any particular assault or battery took place.  Thus, Oculam asserts that at least some of the alleged instances of assault and/or battery occurred prior to September 5, 2006.

Under Kentucky law, pleading that the statute of limitations has run on a claim is an affirmative defense. *See* KY. CIV. RULE 8.03; *Commonwealth v. Oliver*, 253 S.W.3d 520, 523 (Ky. 2008).  Oculam contends that he is unable to meet his burden on this affirmative defense, because:

> [Rose] holds the key to Dr. Oculam's proof that the statute of limitations has run. Given that Dr. Oculam denies entirely the facts that provide the basis of Ms. Rose's claim, it is impossible for him to establish which alleged assaults or batteries are time-barred given that Ms. Rose herself cannot identify with any specificity when one single alleged incident occurred.

[Record No. 18, p. 25]  In response, Rose argues that none of her claims are time-barred regardless of whether they occurred before or after September 5, 2006.  She contends that the one-year statute of limitations is tolled because of a mental disability.  [Record No. 22, p. 4]

Kentucky law allows for tolling of the one-year statute of limitations "if at the time the cause of action accrued," the plaintiff was "of unsound mind."  KRS § 413.170(1).  The term "unsound mind" in KRS § 413.170(1) has been interpreted by the Kentucky Supreme Court to mean that the person claiming the disability must show that he or she has been rendered incapable of managing his or her own affairs.  *See Southeastern Kentucky Baptist Hosp. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988).

Once the statute of limitations issue is raised, the Plaintiff must prove facts that would toll the statute.  *Id.*  In his reply brief, Oculam argues that this tolling provision should not apply,

because Rose has not provided any evidence that she was of unsound mind at the time the cause

of action accrued.  Specifically, he argues that:

> Here the cause of action accrued at unknown points of time after July or August
> but prior to October 16, 2006, and it wasn't until October 16, 2006 that Ms. Rose
> reached her breaking point. [*Internal footnote*: It is important that the October 16,
> 2006 blow-up was not the result of any alleged battery or assault.  Rather, it was
> because Ms. Rose believed Dr. Oculam had called her old.]  Thus, it cannot be
> said that Ms. Rose was of unsound mind at the time she was supposedly battered
> or assaulted, because it was on October 16, 2006 at the earliest that her disability
> – if her condition could be considered a disability – came into existence and her
> claims of assault and battery had already accrued at that point.  Moreover, the date
> of December 21, 2006, is the most likely date on which a disability could
> arguably come into existence, because Ms. Rose was continuing to go to work
> until that time.

[Record No. 23, pp. 7–8]

The Court agrees that Rose was not of unsound mind such that she could not manage her

own affairs at the time her causes of action accrued.  Despite Dr. Shelton's deposition testimony

that, in his opinion, "she had been stable with the depression until four or five months prior to

seeing me when the alleged harassment occurred," he never opines that Rose's depression left

her unable to manage her affairs at the time the assaults and batteries allegedly occurred.

[Record No. 18, Ex. 5, p. 37]  In addition, Rose continued to work at the LCRH until January

22, 2007.  Thus, at least up until January 22, 2007, Rose was able to manage her own affairs.

The evidence does not support her claim that she was of "unsound mind" at the time the injuries

occurred as required by KRS § 413.170(1) in order to toll the one-years statute of limitations.

The Court also rejects Rose's argument that courts in Kentucky recognizes the doctrine

of continuing tort for assault and battery claims.  The case Rose cites to define this doctrine does

not discuss Kentucky law.  Instead, it specifically rejects the notion that this doctrine is

recognized in *Tennessee*.  [Record No. 22, p. 4] (*citing Seaton v. Seaton*, 971 F.Supp. 1188 (E.D. Tenn. 1997) ("The doctrine of continuing tort states that, in a tort arising from continuous conduct, a cause of action does not accrue until the conduct is abated.  The State of Tennessee, however, has never applied this doctrine to an action for assault.").  Rose has not presented and the Court has not discovered any case law to support the assertion that Kentucky applies the doctrine of continuing tort to an assault.  Reaching such a conclusion, however, would effectively nullify Kentucky's statute of limitations applicable to this intentional tort.

In summary, Rose has failed to demonstrate that she was of "unsound mind" at the time her causes of action accrued.  Thus, the tolling provision in KRS § 413.170(1) does not apply, and any causes of action that arose prior to September 5, 2006, are time-barred.[5]  Therefore, the Court will grant Defendant Oculam's motion for summary judgment as to all claims in which the alleged cause of action accrued prior to September 5, 2006.

### B.    Assault Claims

Oculam notes that the Sixth Circuit has held that, "[o]nce a moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint."  *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In addition, the Sixth Circuit noted in an unpublished opinion that a plaintiff cannot withstand a motion for summary judgment merely by rely on uncorroborated assertions. *Thomas v. Ivezaj*,

---

[5]    Pursuant to Kentucky's time computation rule for the one-year statute of limitations expressed in KRS § 413.140, the date on which the cause of action accrued is included within the statute of limitations window.  *See Fannin v. Lewis*, 254 S.W.2d 479, 481 (Ky. 1953).  Thus, if Rose were to prove that an assault or battery occurred on September 5, 2006, that claim would not be time-barred.

1997 U.S. App. LEXIS 32347, *9 (6th Cir. 1997). However, corroborative evidence is not necessary to survive summary judgment in this matter.

Under Kentucky law, a defendant is liable for assault if: (1) the defendant intends to cause a harmful or offensive contact with the plaintiff, and (2) the plaintiff is put in imminent apprehension of such contact; *or* (1) the defendant intends to put the plaintiff in imminent apprehension of a harmful or offensive contact, (2) and the plaintiff is put in imminent apprehension of such contact. *See Humphress v. UPS*, 31 F.Supp.2d 1004, 1014 (W.D. Ky. 1997) (*citing* RESTATEMENT (SECOND) OF TORTS § 21). Thus, evidence of the plaintiff's imminent apprehension is a necessary element to proving an assault claim.

Oculam contends that Rose has not presented any evidence corroborating that she was ever in imminent apprehension. Thus, the Defendant asserts that he is entitled to summary judgment on all assault claims. [Record No. 22, pp. 26–28] In support, Oculam notes that when asked in her first deposition whether she was ever afraid for her safety around Oculam, Rose replied, "no." [Record No. 18, p. 27] In addition, the Defendant notes that, during her second deposition, Rose denied being fearful when ask about an incident in which she claims to have been "actually literally choked" at the nurses station. [*Id.*]

Rose disputes Oculam's contention that there is no evidence of "imminent apprehension." Specifically, she notes testimony from her first deposition where she told a supervisor about her apprehension and the physical symptoms that allegedly manifested from this apprehension. [Record No. 22, p. 5–6] In addition, Oculam acknowledges in his summary judgment motion,

that Rose's statements about her apprehension of Oculam were different in her first and second deposition.

Again, it should be noted that summary judgment is inappropriate "when the evidence raises a genuine issue of material fact." *Barr*, 538 F.3d at 561. And here, viewing the evidence in a light most favorable to Rose, a jury could reasonably find in her favor. There is a genuine issue of material fact regarding whether Rose was ever in imminent apprehension during the alleged incidents. Resolution of this issue will involve credibility determinations by the jury. *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994) ("In ruling on a motion for summary judgment, the judge may not make credibility determinations or weigh the evidence.") (internal citation and quotations omitted). Thus, the Court denies Defendant Oculam's motion for summary judgment regarding any claims of assault that accrued on or after September 5, 2006.

### C.     Battery Claims

Common law battery is defined under Kentucky law as an "unlawful touching of the person of another . . ." *Fultz v. Whittaker*, 261 F.Supp.2d 767, 783 (W.D. Ky. 2003); *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000). Oculam contends that he is entitled to summary judgment on all battery claims because Rose has presented no evidence to corroborate her allegation, and because she is unable to prove that the touching was "harmful or offensive."[6] [Record No. 18, p. 28–30] Specifically, Oculam argues that lack of consent is an essential

---

[6]     Kentucky case law uses the term "unlawful touching" to describe the type of touching that creates a cause of action for battery. The term "harmful or offensive contact" comes from the Restatement (Second) of Torts. In the case cited by Oculam, the Kentucky Supreme Court compared these two definitions of battery, but did not adopt the definition from the Restatement. *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000). Thus, "unlawful touching," and not "harmful or offensive contact" remains the proper term under Kentucky law.

-10-

element of battery, and Rose cannot meet her burden to show that the touching was unlawful because she has presented no evidence to establish lack of consent. [Record No. 18, p. 30] Further, he notes that "Dr. Oculam and two of the nurses Ms. Rose deposed testified that Ms. Rose pinched Dr. Oculam's 'butt,'" and that "Heather Mills, a nurse on the TCU, and one of Ms. Rose's best friends at the time of the alleged conduct, also testified that [Rose] flirted and was playful with Dr. Oculam and would poke him in the sides and tickle him." [*Id.*] Thus, he concludes that, "Ms. Rose's conduct towards Dr. Oculam makes it impossible for a reasonable juror to conclude that even if her unsupported allegations are true she did not consent to any of the alleged flirtatious touching." [*Id.*]

The Court concludes, however, that the evidence is not so one-sided that one party must prevail as a matter of law. *See Liberty Lobby*, 477 U.S. at 251–52; *Harrison*, 539 F.3d at516. Again, whether the alleged touching was consensual will involves credibility determinations to be made by the jury. Accordingly, the Court will deny Defendant Oculam's motion for summary judgment with regard to all assault claims allegedly occurring on or after September 5, 2006.

**V.    Conclusion**

Based on the foregoing discussion, Kentucky's one year statute of limitations bars the Plaintiff's claims of assault and battery allegedly occurring before September 5, 2006. Genuine and material factual issues preclude summary judgment for claims of assault and battery occurring on or after September 5, 2006. Accordingly, it is hereby

**ORDERED** as follows:

-11-

(1)      Defendant Claire Oculam's motion for summary judgment [Record No. 18] is

**GRANTED** with respect to any causes of action that accrued prior to September 5, 2006; and

(2)      Defendant Claire Oculam's motion for summary judgment [Record No. 18] is

**DENIED** with respect to any causes of action that accrued on or after September 5, 2006.

This 30th day of January, 2009.

Signed By:

_Danny C. Reeves_   DCR

**United States District Judge**

-12-